IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

        Plaintiff,

        v.

RUSSELL NUXOLL and JANET SLYDEN, And DOES 1 through 10,

        Defendants.

No. 2:12-cv-01482 JAM KJN PS

ORDER & FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding without counsel, filed his complaint on June 1, 2012.[1] Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction.

I.    Plaintiff's Application to Proceed In Forma Pauperis

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§ 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.   Screening of Plaintiff's Complaint

    A.   General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

1   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

2

3   **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

4   Additionally, a complaint should be dismissed for failure to state a claim if it does

5   not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

6   on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly,

7   550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

8   content that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged." Id.  The court accepts all of the facts alleged in the complaint as true and

10  construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974,

11  977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations

12  that are contradicted by documents referred to in the complaint, and [the court does] not

13  necessarily assume the truth of legal conclusions merely because they are cast in the form of

14  factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The

15  court must construe a pro se pleading liberally to determine if it states a claim and, prior to

16  dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to

17  cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez,

18  203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating

19  that courts continue to construe pro se filings liberally even when evaluating them under the

20  standard announced in Iqbal).

21  Finally, a federal court has an independent duty to assess whether federal subject

22  matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life

23  Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

24  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

25  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

26  342 (9th Cir. 1996).  Federal district courts are courts of limited jurisdiction that "may not grant

1 relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is
2 presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." <u>A-Z</u>
3 <u>Int'l v. Phillips</u>, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted).
4 The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ.
5 P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court
6 must dismiss the action."); <u>see also</u> <u>Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc.</u>, 336 F.3d
7 982, 989 (9th Cir. 2003).

      B.     <u>Plaintiff's Complaint</u>

Plaintiff's complaint alleges claims of civil assault and civil battery under California law against two defendants. Plaintiff alleges that defendants assaulted and battered plaintiff on two separate occasions, and he seeks general damages, medical expenses, lost earnings, punitive damages, interest, and costs of suit. (<u>See</u> Compl. ¶¶ 6-15 & p. 4.)

In short, the undersigned recommends that plaintiff's complaint be dismissed for lack of federal subject matter jurisdiction. Plaintiff alleges that this court can exercise diversity jurisdiction over his two common law claims pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4.) District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. <u>See, e.g.</u>, <u>Cook v. AVI Casino Enters., Inc.</u>, 548 F.3d 718, 722 (9th Cir. 2008).

Here, plaintiff satisfactorily alleges that the amount in controversy exceeds $75,000. (Compl. ¶ 3.) However, he has not sufficiently alleged that the parties' citizenship is

completely diverse, and it readily appears that he cannot allege complete diversity of citizenship. Plaintiff alleges that both defendants are residents of Nevada County, in California. (Id. ¶ 2.) And although plaintiff does not expressly allege his state of citizenship, his complaint lists his address as being located in Dutch Flat, California. (Compl. at 1.) Moreover, plaintiff represented in his Civil Cover Sheet that his county of residence is Nevada County, and that he is a citizen of California. (Civil Cover Sheet, Dkt. No. 1, Doc. No. 1-1.) Because defendants are citizens of California, and plaintiff readily appears to be a citizen of California, the parties are not completely diverse. Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, and the court should dismiss plaintiff's complaint.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

It is FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

////
////
////
////
////

5

1 | Failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d
3 | 1153, 1156-57 (9th Cir. 1991).
4 |      IT IS SO ORDERED and RECOMMENDED.
5 | DATED: June 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE