IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

        Plaintiff,                      No. 2:12-cv-01482 JAM KJN PS

       v.

RUSSELL NUXOLL and JANET SLYDEN, And DOES 1 through 10,

        Defendants.            <u>ORDER</u>
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on June 1, 2012, alleging claims for civil assault and civil battery.[1] Plaintiff premised this court's subject matter jurisdiction on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

        On June 7, 2012, the undersigned granted plaintiff's application to proceed in forma pauperis, but recommended the dismissal of plaintiff's case for lack of subject matter jurisdiction. (<u>See</u> Order & Findings & Recommendations, June 7, 2012.) Specifically, plaintiff alleged in his complaint that he and both defendants were residents of California, which destroyed complete diversity of the parties and deprived this court of subject matter jurisdiction. Those findings and recommendations are pending before the district judge assigned to this case.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On June 21, 2012, however, plaintiff filed vague objections to the findings and recommendations, and also filed an amended complaint despite not having been granted leave to amend. In direct contradiction of his original complaint, plaintiff's impermissibly filed First Amended Complaint now alleges that defendants were at all relevant times "residents of Idaho." (First Am. Compl. ¶ 1.) If defendants are truly *citizens* of Idaho, then complete diversity exists and this court could presumptively exercise diversity jurisdiction over plaintiff's claims. Although plaintiff was not granted leave to amend, plaintiff's First Amended Complaint raises questions about the propriety of dismissal for lack of subject matter jurisdiction.

Nevertheless, plaintiff's allegation that defendants are "residents" of Idaho does not establish complete diversity of the parties because diversity is determined by the *citizenship* of the parties, not merely the *residency* of the parties. Accordingly, plaintiff is granted leave to file a declaration that is signed under penalty of perjury and supported by documentary evidence, if possible, demonstrating that each defendant was indeed a *citizen* of Idaho at the time plaintiff filed his original complaint. See Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148 (9th Cir. 1998) ("In order to avoid dismissal for lack of subject matter jurisdiction, the plaintiff must enlarge the record to show the citizenship of each party as of the date that the complaint was filed. A plaintiff may be required to submit additional affidavits with respect to the citizenship of the parties to the appellate court.").

For the purpose of preparing his declaration, plaintiff is advised that "[t]o be a citizen of a state, a natural person must first be a citizen of the United States." Kanter v. Warner-Lambert Co., 265 F.3d 853, 587 (9th Cir. 2001). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." Id. (stating that "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"). A natural person's "domicile" his or her permanent home, which means the state in which he or she "resides with the intention to remain or to which [he or] she intends to return." Id.

Based on the foregoing, the court will refrain from ruling on the pending findings and recommendations until after plaintiff files his declaration under penalty of perjury. Accordingly, IT IS HEREBY ORDERED that:

1. Within 45 days of the date of this order, plaintiff shall file a declaration signed under penalty of perjury, and supported by documentary evidence if possible, which demonstrates that defendants were citizens of Idaho at the time plaintiff filed his original complaint.

2. Plaintiff's failure to timely file the required declaration shall constitute plaintiff's consent to the dismissal of his case on the grounds stated in the pending findings and recommendations, and shall provide grounds for the possible imposition of sanctions on plaintiff.

IT IS SO ORDERED.

DATED: June 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE