IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

      Plaintiff,                       No. 2:12-cv-01482 JAM KJN PS

      v.

RUSSELL NUXOLL et al.,

      Defendants.              <u>ORDER</u>

/

        Plaintiff, who is proceeding without counsel, filed his complaint on June 1, 2012, alleging claims for civil assault and civil battery.[1] Plaintiff's complaint premised this court's subject matter jurisdiction on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

        On June 7, 2012, the undersigned granted plaintiff's application to proceed in forma pauperis, but recommended the dismissal of plaintiff's case for lack of subject matter jurisdiction. (<u>See</u> Order & Findings & Recommendations, June 7, 2012.) Specifically, plaintiff alleged in his complaint that he and both defendants were residents of California, which destroyed complete diversity of the parties and deprived this court of subject matter jurisdiction. Those findings and recommendations are pending before the district judge assigned to this case.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On June 21, 2012, however, plaintiff filed vague objections to the findings and recommendations, and also filed an amended complaint. In direct contradiction of his original complaint, plaintiff's First Amended Complaint now alleges that defendants were at all relevant times "residents of Idaho." (First Am. Compl. ¶ 1.)

The undersigned's prior order explained that if defendants are truly *citizens* of Idaho, then complete diversity exists and this court could presumptively exercise diversity jurisdiction over plaintiff's claims. Although plaintiff did not seek leave to amend, plaintiff's First Amended Complaint raises questions about the propriety of dismissal for lack of subject matter jurisdiction.

The undersigned's prior order explained that plaintiff's allegation that defendants are "residents" of Idaho did not establish complete diversity of the parties because diversity is determined by the *citizenship* of the parties, not merely the *residency* of the parties. (Order dated July 2, 2012, Dkt. No. 6.) The undersigned gave plaintiff leave to file a declaration signed under penalty of perjury and supported by documentary evidence, if possible, demonstrating that each defendant was indeed a *citizen* of Idaho at the time plaintiff filed his original complaint. (Order dated July 2, 2012, Dkt. No. 6 at 2, citing Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1148 (9th Cir. 1998) ("In order to avoid dismissal for lack of subject matter jurisdiction, the plaintiff must enlarge the record to show the citizenship of each party as of the date that the complaint was filed. A plaintiff may be required to submit additional affidavits with respect to the citizenship of the parties to the appellate court.").)

The undersigned's prior order advised plaintiff that "[t]o be a citizen of a state, a natural person must first be a citizen of the United States." (Order, Dkt. No. 6 at 2 (citing Kanter v. Warner-Lambert Co., 265 F.3d 853, 587 (9th Cir. 2001).) "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." (Id. (stating that "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state").) A natural person's "domicile" is his or her permanent home,

1  which means the state in which he or she "resides with the intention to remain or to which [he or]
2  she intends to return." (Id.)

3        The undersigned's prior order also provided that, "[w]ithin 45 days of the date of
4  this order, plaintiff shall file a declaration signed under penalty of perjury, and supported by
5  documentary evidence if possible, which demonstrates that defendants were citizens of Idaho at
6  the time plaintiff filed his original complaint." (Id.)

7        Plaintiff has substantially complied with the undersigned's prior order. Plaintiff
8  filed four declarations in efforts to demonstrate the existence of diversity jurisdiction in this case.
9  (See Declarations of James Owens ("Owens Decls."), Dkt. Nos. 7-10.) In his declarations,
10 plaintiff represents under penalty of perjury that: (1) defendants previously introduced
11 themselves to plaintiff as being "from Idaho," drove a Subaru bearing Idaho license plates, and
12 were "sent back" to Idaho after being arrested in California (Owens Decl. filed July 24, 2012,
13 Dkt. No. 7 at 1-2); (2) defendant Sylten is a "resident of Idaho" and was incarcerated in Idaho
14 from 2000 to 2007 (Owens Decl. filed Aug. 22, 2012, Dkt. No. 8 at 1-2); (3) defendant Nuxoll is
15 a "resident of Idaho" and in February of 2012, he filed a motion in Idaho district court (Owens
16 Decl. filed Aug. 23, 2012, Dkt. No. 9 at 1-2); and (4) defendants Nuxoll and Sylden are
17 "residents of Idaho" and that, based on plaintiff's communications with the Probation
18 Department for the United States District Court in Boise and a specific probation officer, plaintiff
19 learned that defendants are currently on probation and will be for three more years (Owens Decl.
20 filed September 5, 2012, Dkt. No. 10 at 1-2).

21       Solely for purposes of screening this action pursuant to 28 U.S.C. § 1915(e)(2) and
22 in light of plaintiff's pro se status, plaintiff's declarations sufficiently support his First Amended
23 Complaint's allegation that diversity jurisdiction exists on the basis of defendants' citizenship in
24 Idaho. However, this finding in no way precludes defendants from moving to dismiss this action
25 for lack of jurisdiction after being served with plaintiff's First Amended Complaint.
26 ////

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. In light of plaintiff's objection (Dkt. No. 4), amended pleading (Dkt. No. 5) and declarations (Dkt. Nos. 7-10), the pending Findings and Recommendations (Dkt. No. 3) are hereby vacated. The basis for the court's jurisdiction in this action is the existence of complete diversity. 28 U.S.C. § 1332; <u>Cook v. AVI Casino Enters., Inc.</u>, 548 F.3d 718, 722 (9th Cir. 2008). Nevertheless, the fact that plaintiff has sufficiently alleged the existence of diversity jurisdiction for purposes of screening does not prevent defendants from challenging this action for lack of jurisdiction after they are served with process.

2. The First Amended Complaint (First Am. Compl., Dkt. No. 5) that plaintiff filed in response to the undersigned's order issued June 7, 2012, is the currently operative pleading in this action, and plaintiff's original complaint (Dkt. No. 1) is disregarded.

3. Service of plaintiff's First Amended Complaint (Dkt. No. 5) is appropriate upon defendant Russell Nuxoll and defendant Janet Sylten. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served; and

6. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and

4

*shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal.*

   7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.*  If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

   8. *If a defendant waives service, the defendant is required to return the signed waiver to the Marshals Service.  The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).*

   9. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

   10. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.  <u>See</u> Local Rules 110, 183(a).

   IT IS SO ORDERED.

DATED: September 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE