IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

    Plaintiff,                                       No. 2:12-cv-01482 JAM KJN PS

    v.

RUSSELL NUXOLL et al.,

    Defendants.                             <u>ORDER</u>

        Plaintiff James Owens ("plaintiff"), who is proceeding without counsel, filed his complaint on June 1, 2012, alleging claims for civil assault and civil battery.[1]

        On September 11, 2012, plaintiff filed a document styled as a "Notice of Removal." (Notice of Removal, Dkt. No. 11)  Confusingly, plaintiff drafted the Notice of Removal such that it bears the case number in this action (No. 2:12-cv-01482 JAM KJN PS), but the case caption differs from the one used in this action.  Specifically, the caption of the Notice of Removal names plaintiff as the "defendant" and names the "State of California" as the plaintiff. (Notice of Removal, Dkt. No. 11 at 1.)  The "State of California" was never previously named as a party to this action.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    It appears that plaintiff has been charged with several crimes in state court, and is now seeking to remove that criminal action and, more particularly, seeking to make the criminal proceedings part of his pending civil case bearing the number No. 2:12-cv-01482-JAM-KJN-PS. This he cannot do.

   First, criminal actions that are pending in state court cannot be removed to federal court under 28 U.S.C. § 1441.  The same limitation is true with respect to state criminal actions that have been resolved.  Second, criminal actions pending in state court cannot be incorporated into the defendant's federal civil action.  While the state criminal charges against plaintiff may be relevant to plaintiff's allegations in this civil action, and while evidence of those charges may ultimately be filed in this action (for instance, as evidence submitted as part of a motion for summary judgment), there is no procedural or jurisdictional mechanism to combine plaintiff's criminal proceedings into this pending civil case.

   For the foregoing reasons, IT IS HEREBY ORDERED THAT:

   Plaintiff's "Notice of Removal" is disregarded, and the Clerk of the Court shall strike it from the docket.

DATED: September 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE