1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES N. OWENS,

11          Plaintiff,                    No. 2:12-cv-01482 JAM KJN PS

12       v.

13   RUSSELL NUXOLL et al.,

14          Defendants.                   <u>ORDER</u>
     _____/

15

16          Plaintiff, who is proceeding without counsel and in forma pauperis, filed his

17   complaint on June 1, 2012, alleging claims for civil assault and civil battery.[1]  On September 20,

18   2012, the undersigned ordered service of plaintiff's complaint upon the defendants, ordered

19   plaintiff to supply the United States Marshal with certain documents within 30 days, and ordered

20   plaintiff to file a statement with the court confirming his submission of those documents to the

21   U.S. Marshal.  (Order, Dkt. No. 12.)  To date, however, the court's electronic docket does not

22   reflect that plaintiff ever supplied documents to the U.S. Marshal.

23          On December 12, 2012, plaintiff filed a Motion for Extension of Time seeking an

24   additional 30 days to comply with the undersigned's prior order at Docket Number 12.  (Mot. for

25   _____

26       [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

1    Extension of Time, Dkt. No. 16.)  Therein, plaintiff describes his confusion regarding the

2    applicable deadlines, and explains that his recent involvement as a defendant in criminal trial

3    proceedings in state court in September and October caused him "stress" that resulted in his

4    failure to comply with the order regarding service.  (Id.)

5             Good cause appearing, the undersigned grants plaintiff's request for a 30 day

6    extension of time in which to comply with the order at Docket Number 12.  However, the

7    undersigned reminds plaintiff that he is obligated to comply with court orders and the rules of

8    litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local Rule

9    110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order

10   of the Court may be grounds for imposition by the Court of any and all sanctions authorized by

11   statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local

12   Rule 183(a) provides, in part:

13              Any individual representing himself or herself without an attorney is
                bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
14              and all other applicable law.  All obligations placed on "counsel" by these
                Rules apply to individuals appearing in propria persona.  Failure to comply
15              therewith may be ground for dismissal . . . or any other sanction
                appropriate under these Rules.
16

17   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

18   same rules of procedure that govern other litigants.").  Case law is in accord that a district court

19   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

20   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

21   comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

22   (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells

23   Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that

24   courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a

25   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

26   Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil

Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, in the future, plaintiff's failure to timely comply with orders and failure to request an extension of time *before* the deadline at issue passes may result in a recommendation that this action be dismissed.  See E.D. Local Rule 144(d).

        For the foregoing reasons, IT IS HEREBY ORDERED THAT:

        1.     Plaintiff's Motion for Extension of Time (Dkt. No. 16) is hereby granted.  Within thirty (30) days of entry of this order, plaintiff shall comply with the undersigned's prior order at Docket Number 12.

        2.     ***Plaintiff's failure to timely comply with this order may result in a recommendation that this action be dismissed.***

        IT IS SO ORDERED.

DATED:  December 20, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE