IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

    Plaintiff,                                  No. 2:12-cv-01482 JAM KJN PS

    v.

RUSSELL NUXOLL et al.,

    Defendants.                     <u>ORDER</u>

/

        This order vacates and resets the Status (Pretrial Scheduling) Conference currently set for February 21, 2013. (Order Setting Status Conf., Dkt. No. 13 ¶ 5.)

        Plaintiff, who is proceeding without counsel and in forma pauperis, filed his original complaint on June 1, 2012, alleging claims for civil assault and civil battery.[1] On September 20, 2012, after screening plaintiff's amended pleading (First Am. Compl., Dkt. No. 5), the undersigned ordered service of the amended pleading upon the defendants, ordered plaintiff to supply the United States Marshal with certain documents within 30 days, and ordered plaintiff to file a statement with the court confirming his submission of those documents to the U.S. Marshal. (Order, Dkt. No. 12.)

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    Initially, plaintiff failed to timely provide documents to the U.S. Marshal for
2 service.  However, on December 12, 2012, plaintiff filed a Motion for Extension of Time seeking
3 an additional 30 days to provide the requisite documents to the U.S. Marshal.  (Mot. for Ext. of
4 Time, Dkt. No. 16.)  Therein, plaintiff described his confusion regarding the applicable
5 deadlines, and explained that his recent involvement as a defendant in criminal trial proceedings
6 in state court in September and October caused him "stress" that resulted in his failure to comply
7 with the order regarding service.  (Id.)  Accordingly, the undersigned granted the requested
8 extension.  (Order, Dkt. No. 17.)

9    Plaintiff appears to have timely complied with the Order extending his time to
10 provide documents to the U.S. Marshal for service: on January 15, 2013, plaintiff filed a signed
11 "Notice re: Service of Process" representing that he has provided the requisite documents to the
12 U.S. Marshal.  (Notice, Dkt. No. 18.)

13   However, to date, the U.S. Marshal has not filed any statements regarding the
14 status of service of process upon the two Idaho defendants.  Similarly, a review of the court's
15 electronic docket indicates that no defendants have yet appeared in this action.

16   A Status (Pretrial Scheduling) Conference is currently set to occur in this case on
17 February 21, 2013.  (Order Setting Status Conf., Dkt. No. 13 ¶ 5.)  However, given that the U.S.
18 Marshal has apparently not yet completed service upon the two Idaho defendants, and given that
19 no defendants have yet appeared in this action, it would be premature to proceed with scheduling
20 this case for trial.  The undersigned also notes that, in violation of the Eastern District Local
21 Rules and a court order issued on September 20, 2012, plaintiff has failed to timely file a Status
22 Report in advance of the scheduled conference.[2]  (Order, Dkt. No. 13 ¶ 6; E.D. Local Rule

---

[2] The undersigned again reminds plaintiff that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant. (E.g., Order, Dkt. No. 17 at 2-3.)  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

240(b).)  Thus, it is unclear whether plaintiff and defendants have been in contact regarding this action, made any efforts to confer about scheduling discovery, discussed settlement possibilities, etc., such that proceeding with the conference as scheduled would waste judicial time and resources.

Accordingly, IT IS HEREBY ORDERED that:

1. The Status (Pretrial Scheduling) Conference currently set for February 21, 2013, is hereby **vacated and reset for Thursday, April 4, 2013, at 10:00 a.m., in Courtroom 25.**

2. At least fourteen (14) days before the Status (Pretrial Scheduling) Conference now set for **Thursday, April 4, 2013, at 10:00 a.m., in Courtroom 25**, the parties shall file Status Reports, and are encouraged to file a Joint Status Report, if possible.  (Order, Dkt. No. 13 ¶ 6; E.D. Local Rule 240(b).)

////

---

Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

3

3. At least fourteen (14) days before the Status (Pretrial Scheduling) Conference now set for **Thursday, April 4, 2013, at 10:00 a.m., in Courtroom 25**, the parties shall also file completed "Consent to/Decline of Jurisdiction of United States Magistrate Judge" forms so this case can be scheduled for trial before the appropriate judge.  Copies of these forms can be obtained from the Clerk of the Court, and are also accessible on the court's electronic docket at Docket Number 13-1.

IT IS SO ORDERED.

DATED: February 14, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE