1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES N. OWENS,

11              Plaintiff,                    No. 2:12-cv-01482 JAM KJN PS

12        v.

13   RUSSELL NUXOLL et al.,

14              Defendants.                    ORDER
                                    /
15   _____

16        This case came on for a Status (Pretrial Scheduling) Conference on April 11,

17   2013.  Plaintiff James N. Owens ("plaintiff"), who is proceeding without counsel and in forma

18   pauperis, appeared on his own behalf.[1]  Defendant Russell Nuxoll appeared telephonically on his

19   own behalf.  Defendant Janet Sylten appeared telephonically on her own behalf.  Defendants

20   Nuxoll and Sylten are collectively referred to herein as "defendants."

21   I.       BACKGROUND

22        Plaintiff filed his original complaint on June 1, 2012.  That pleading alleged

23   claims for civil assault and civil battery.  (Compl., Dkt. No. 1 at 1.)

24   ////

25   _____

26        [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                    1

1          On June 21, 2012, following an order recommending dismissal for lack of subject

2   matter jurisdiction (Dkt. No. 3), plaintiff filed a verified First Amended Complaint with the new

3   allegation that this case satisfies the requirements for diversity jurisdiction based upon

4   defendants' status as Idaho citizens.  (First Am. Compl., Dkt. No. 5 at 1.)

5          Following a court order directing him to do so (Dkt. No. 6), plaintiff filed several

6   declarations supporting his allegation that defendants were Idaho citizens at the time he filed his

7   complaint.  (Plaintiff's Declarations, Dkt. Nos. 7-10.)  Based upon those declarations, the

8   undersigned preliminarily found that "[s]olely for purposes of screening this action pursuant to

9   28 U.S.C. § 1915(e)(2) and in light of plaintiff's pro se status, plaintiff's declarations sufficiently

10  support his First Amended Complaint's allegation that diversity jurisdiction exists on the basis of

11  defendants' citizenship in Idaho.  However, this finding in no way precludes defendants from

12  moving to dismiss this action for lack of jurisdiction after being served with plaintiff's First

13  Amended Complaint."  (Order, Dkt. No. 12 at 3.)

14         At the Status (Pretrial Scheduling) Conference on April 11, 2013, plaintiff stated

15  on the record that he intended to amend his pleading a third time.  Defendants stipulated to

16  permit plaintiff to amend his pleading, but also represented their intention to seek dismissal of

17  any amended pleading.

18         For the reasons stated on the record during the Status (Pretrial Scheduling)

19  Conference, IT IS HEREBY ORDERED THAT:

20         1.    As defendants have now appeared in this case, and as plaintiff verbally

21  withdrew his "Motion For An Order For The U.S. Marshal To Serve Summons To Federal

22  Probation Officer" (Dkt. No. 22) on the record during the status conference, and such motion is

23  hereby deemed to be withdrawn.

24         2.    Within **30 days** of the date of this order, plaintiff shall file a Second

25  Amended Complaint or, alternatively, a statement that he no longer intends to amend his

26  pleading.  Also within **30 days** of the date of this order, plaintiff shall serve his Second Amended

Complaint (or, alternatively, a statement that he does not intend to amend his pleading) upon defendants via U.S. Mail.  Plaintiff shall also serve an two uncompleted "Consent to/Decline of Jurisdiction of United States Magistrate Judge" forms (available at Dkt. No. 13-1) upon defendants.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the prior complaint no longer serves any function in the case.

3.    Defendants' pending Motion to Dismiss (Dkt. No. 23), which targets plaintiff's First Amended Complaint (First Am. Compl., Dkt. No. 5) is hereby denied without prejudice, and the hearing date for that motion (Notice, Dkt. No. 28) is hereby vacated.  Within **30 days** after being served with plaintiff's Second Amended Complaint, however, defendants may file another Motion to Dismiss, which may include (but need not be limited to) arguments regarding their state of citizenship and the viability of diversity jurisdiction in this case.[2] Alternatively, within **30 days** after being served with plaintiff's Second Amended Complaint, defendants may instead file an Answer to plaintiff's amended pleading.  If defendants choose to move to dismiss the amended pleading, however, defendants shall properly notice their motion to dismiss for a hearing in accordance with Eastern District Local Rule 230.

---

[2]    As the court has already informed the parties in this case (see Order, Dkt. No. 6 at 2), the "citizenship" of the parties is part of the analysis required to determine whether diversity jurisdiction exists.  "The natural person's state citizenship is then determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 587 (9th Cir. 2001) (stating that "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state").  A natural person's "domicile" his or her permanent home, which means the state in which he or she "resides with the intention to remain or to which [he or] she intends to return."  Id.

1    4.    Within **45 days** of the date of this order, each party shall file their own

2    completed "Consent to/Decline of Jurisdiction of United States Magistrate Judge" form.  The

3    form is available on the court's electronic docket at Docket Number 13-1.

4    5.    The parties are advised that they may not conduct discovery and that this

5    case will not be scheduled for trial until after the pleadings are finalized and after disputes

6    pertaining to the existence of this court's jurisdiction are resolved.

7    6.    The parties are hereby informed that they are obligated to comply with

8    court orders and the rules of litigation procedure, notwithstanding their status as pro se litigants.

9    Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with

10   these Rules or with any order of the Court may be grounds for imposition by the Court of any and

11   all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover,

12   Eastern District Local Rule 183(a) provides, in part:

13
> Any individual representing himself or herself without an attorney is
14
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
15
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.
16

17   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

18   same rules of procedure that govern other litigants.").  Case law is in accord that a district court

19   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

20   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

21   comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

22   (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells

23   Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that

24   courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a

25   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

26   Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil

Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992).  Courts can also enter default judgment as a sanction against defendants for their failures to comply with court orders and applicable rules. See, e.g., Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.")

IT IS SO ORDERED.

DATED:  April 16, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE