IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

      Plaintiff,                    No. 2:12-cv-01482 JAM KJN PS

     v.

RUSSELL NUXOLL et al.,

      Defendants.               <u>ORDER</u>

        The court's electronic docket indicates that on May 7, 2013, plaintiff James N. Owens ("plaintiff"), who is proceeding without counsel and in forma pauperis, filed a Second Amended Complaint.[1]  (ECF No. 33.)  Plaintiff filed his Second Amended Complaint pursuant to a court order issued on April 17, 2013.  (ECF No. 30.)  However, the court's electronic docket does not reflect that plaintiff filed a corresponding Proof of Service to confirm that he properly *served* his Second Amended Complaint upon defendants Russell Nuxoll and Janet Sylten ("defendants").  It appears that defendants have not yet been served with the amended pleading.

        Pursuant to Federal Rule of Civil Procedure 5(a)(1)(B), plaintiff must serve his amended pleading upon defendants.  Accordingly, within 10 days of the date of this order,

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff shall mail two copies of his Second Amended Complaint to defendants at their address of record in this case, and shall also file a confirming Proof of Service with the court. Fed. R. Civ. P. 5(b)(2)(C).

Further, the court's order of April 17, 2013, also required plaintiff to file his completed "Consent to/Decline of Jurisdiction of United States Magistrate Judge" form. (ECF No. 30 at 4.) The court's electronic docket reflects that plaintiff has not filed that form to date, despite the passage of the deadline stated in the court's prior order. (Id.) Accordingly, within 10 days of the date of this order, plaintiff shall file his completed "Consent to/Decline of Jurisdiction of United States Magistrate Judge" form. The form is available on the court's electronic docket at Docket Number 13-1.

Plaintiff's failure to timely comply with this order may result in sanctions, including a possible recommendation that this case be dismissed.[2]

////

---

[2] Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992).

1           IT IS SO ORDERED.

2  DATED:  June 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE