UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES N. OWENS, | No. 2:12-cv-01482 KJN |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL NUXOLL, et al., | |
| Defendants. | |

Plaintiff James N. Owens ("plaintiff") is proceeding without counsel and in forma pauperis.[1]  On May 7, 2013, plaintiff filed his Second Amended Complaint.  (Second Am. Compl., ECF No. 33.)

On June 17, 2013, defendants Russell Nuxoll and Janet Sylten ("defendants") filed a document styled as a "Motion For Summary Judgment," which the undersigned partially construes as a Motion To Dismiss For Lack Of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]  (ECF No. 35.)  Defendants, who are also proceeding without

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The parties voluntarily consented to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment, and the case was formally referred to the undersigned via an order issued on July 9, 2013.  (ECF Nos. 32, 36, 39.)  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

[2] A primary argument made within defendants' pending motion is that this court lacks subject

1

counsel, set their motion to be heard on July 18, 2013.  (Id.)

Based upon that hearing date and pursuant to Eastern District Local Rule 230(c), plaintiff was required to file a written opposition or statement of non-opposition to the pending motion on or before July 4, 2013.[3]  However, plaintiff filed an Opposition (ECF No. 40) several days late, on July 8, 2013.

Plaintiff's unexplained failure to timely oppose the pending motion runs afoul of Local Rule 230(c).  The parties in this case have previously been warned about their obligations to timely comply with the rules of litigation procedure notwithstanding the fact that they are proceeding without counsel.  (E.g., Order, ECF No. 30 at 4 (citing authorities).)  However, taking plaintiff's pro se status into account, the undersigned will accept the late-filed Opposition and will continue the hearing so as to ensure that defendants have sufficient time to file their reply briefing.  E.D. Cal. L.R. 230(d).  In the future, any party's unexplained failure to timely comply with procedural rules and/or court orders may subject that party to sanctions.[4]

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. The undersigned partially construes defendants' pending "Motion For Summary Judgment" as a Motion To Dismiss For Lack Of Subject Matter Jurisdiction.  (ECF

---

matter jurisdiction given that defendants claim they are citizens of California, potentially destroying diversity jurisdiction because plaintiff is also a citizen of California. (ECF No. 35 at 6-9.)

[3] E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. *No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party*.") (emphasis added).

[4] E.D. Cal. L.R. 110, 183(a); see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992).

No. 35.) The motion is currently set to be heard on July 18, 2013. That hearing date is hereby VACATED. Defendants' Request For Telephonic Appearance (ECF No. 38) at the vacated hearing is denied as moot. The hearing on the pending motion (ECF No. 35) is hereby **RESET for August 8, 2013**, **at 10:00 a.m., in Courtroom 25** before the undersigned.

2. Defendants may file a reply brief to specifically address points made within plaintiff's Opposition (ECF No. 40). Defendants' reply briefing, if any, may be filed on or before **August 1, 2013**.

3. Should any party wish to appear telephonically at the hearing on August 8, 2013, that party should file a Request To Appear Telephonically on or before **July 29, 2013**. The Request need only consist of a short paragraph stating the reason(s) for the requested telephonic appearance and the number at which the party can be reached during the hearing.

IT IS SO ORDERED.

**Date:  7/10/2013**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE