UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES N. OWENS, | No.  2:12-cv-01482 KJN |
| Plaintiff, | |
| v. | ORDER |
| RUSSELL NUXOLL, et al., | |
| Defendants. | |

Plaintiff James N. Owens ("plaintiff") is proceeding without counsel and in forma pauperis.[1]  On May 7, 2013, plaintiff filed his Second Amended Complaint.  (Second Am. Compl., ECF No. 33.)

On June 17, 2013, pro se defendants Russell Nuxoll and Janet Sylten ("defendants") filed a document styled as a "Motion For Summary Judgment," which the undersigned partially construed as a Motion To Dismiss For Lack Of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]  (ECF Nos. 35, 41.)

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The parties voluntarily consented to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment, and the case was formally referred to the undersigned via an order issued on July 9, 2013.  (ECF Nos. 32, 36, 39.)  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

[2] A primary argument made within defendants' pending motion is that this court lacks subject

1

1        Plaintiff filed an Opposition (ECF No. 40) to defendants' pending motion on July 8, 2013.
2   On its own motion, the court reset the hearing date for defendants' motion to August 8, 2013.
3   (ECF No. 41.)

4        On July 25, 2013, defendants filed a document styled as a "Motion to Strike" (ECF No.
5   43), which addresses arguments made in plaintiff's Opposition and the evidence attached thereto.
6   (Id. at 2.) Accordingly, the undersigned hereby construes defendants' filing at ECF No. 43 as a
7   Reply brief supporting defendants' pending motion at ECF No. 35.

8        Also on July 25, 2013, defendants filed a Motion for Telephonic Appearance. (ECF No.
9   42.) Therein, defendants explain, among other reasons for wishing to appear by phone at the
10  hearing on August 8, 2013, that defendant Janet Sylten is "currently undergoing treatment with
11  the hospital in twin falls Idaho." (Id. at 4.) Accordingly, the undersigned grants defendants'
12  request to appear by phone at the hearing on August 8, 2013.

13       On review of the pending briefing (ECF Nos. 35, 40, 43), the undersigned may need to
14  obtain additional evidence from the parties during the hearing on August 8, 2013. This may
15  require one or all of the parties to give verbal testimony under oath during the hearing. The
16  parties are hereby notified that the hearing set for August 8, 2013, may potentially involve an
17  "evidentiary hearing" that requires the parties to answer the court's questions under oath.
18  Accordingly, a party's failure to timely appear (telephonically or in person) at the hearing will
19  delay this case and may therefore subject that non-appearing party to monetary or other
20  sanctions.[3]

---

matter jurisdiction given that defendants claim they are citizens of California, potentially destroying diversity jurisdiction because plaintiff is also a citizen of California. (ECF No. 35 at 6-9.)

[3] E.D. Cal. L.R. 110, 183(a); see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992).

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Notwithstanding being styled as a "Motion To Strike" (ECF No. 43), defendants' filing at ECF No. 43 is construed as a Reply brief in support of defendants' pending motion. (ECF No. 35 (motion styled as a Motion For Summary Judgment); 41 (construing that motion as a Motion To Dismiss For Lack Of Subject Matter Jurisdiction).)

2. Defendants' request to appear by phone at the hearing on August 8, 2013 (ECF No. 42), is granted.

3. The parties are notified that the hearing set for August 8, 2013, may potentially involve an "evidentiary hearing" requiring one or all of the parties to answer the court's questions under oath.  Accordingly, a party's failure to timely appear (telephonically or in person) at the hearing will delay this case and may therefore subject the non-appearing party to monetary or other sanctions.

IT IS SO ORDERED.

Dated:  July 31, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE